George Tilzer, J.
Defendant Hudson Photographic Industries, Inc., moves for judgment on the pleadings dismissing the complaint as to it on the ground that the complaint as amplified by the bill of particulars is legally insufficient, and upon the further ground that the defense of the Statute of Frauds is a bar to the maintenance of this action. Plaintiff cross-moves for an order striking out the first complete defense to the first and second causes of action upon the ground that such defense is insufficient in law.
It is alleged in the first cause of action that plaintiff and the moving defendant had, prior to January 1, 1958, engaged in an employment contract upon stated terms which was to endure for one year from January 1, 1958. The agreement was oral. It is alleged that such oral contract was fully performed. Such contract if not performed by both parties, was void and unenforcible. It is alleged, however, that the agreement was fully performed by both parties and, following the expiration thereof on December 31,1958, the plaintiff held over and continued in the defend *960 ant’s employ without any new express agreement and thereupon the defendant elected to continue the employment for a period of a year from January 1, 1959. The same allegations are made with respect to that period and it is further alleged that following the expiration on December 31, 1959, an additional one-year employment arose by implication of law, and it is with respect to the second renewal agreement that breach is alleged, with consequent damage which the plaintiff seeks to recover.
The second cause of action is laid in conspiracy and charges inducement to breach the contract.
Both causes stand or fall upon the question of the validity of the second renewal agreement. It is the defendant’s contention that the original agreement being void cannot breathe life into either of the claimed renewed one-year employments. The fact that the initial agreement was void under the Statute of Frauds does not remove from application to this case the principle that the statute may be pleaded only where the contract is executory and not where it has been fully performed. In Adams v. Fitzpatrick (125 N. Y. 124,127), it was found that the initial employment there was for a period beyond one year from its making and was void. Plaintiff continued in the employment for a period of time beyond the expiration of the initial year, when the employment was terminated before the termination of the ensuing year. It was held: ‘ ‘ It is true that the original contract, so long as it remained executory, was void and unenforceable; but having been voluntarily performed by both parties, neither could afterwards be heard to allege its invalidity, and it controlled the terms of service and compensation under it, as against both parties, as well as afforded an authority from which the intention of the parties in relation to a further contract could be inferred. In other words, after execution it was to all intents valid.”
Defendant’s motion is denied. The defense, however, should be permitted to stand awaiting its applicability to the proofs as they are adduced. Gross motion denied.